

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

**FILED**

MAR 1 8 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

DEANN GOUDY-BARTOLOTTA (a/k/a Deann Bartolotta),

Plaintiff,

v.

MEMORIAL PAIN CLINIC;
BRANDON BAILEY, M.D.;
ACCESS PAIN SOLUTIONS;
FRANK J. HACKL, M.D.;
AXIS HEALTHCARE;
JAMES LACKEY, M.D.;
WARREN CLINIC;
MUHAMMAD QASIM MAQBOOL, M.D., Defendants.

Civil Action No. 26 CV - 162 CVE - MTS

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. NATURE OF THE ACTION

This action arises from Defendants' ongoing denial of access to medically necessary treatment for Plaintiff's chronic intractable pain and panic disorder.

Plaintiff does not seek any specific medication. Instead, Plaintiff seeks relief from unlawful practices that condition access to care on coercive requirements and categorical restrictions.

Defendants required Plaintiff to discontinue medically necessary anxiety medication, undergo invasive ESI injections despite prior harm, and accept these conditions as prerequisites to treatment.

When Plaintiff declined unsafe or medically inappropriate conditions, Defendants denied or terminated care.

Fee Due
Ø Summons

_✓_Mail    ___No Cert Svc    ___No Orig Sign
___C/J    __ _C/MJ    ___C/Ret'd    ___No Env
___No Cpy's    ✓ No Env/Cpy's    ___O/J    ___O/MJ

As a result, Plaintiff is currently unable to obtain adequate treatment and is suffering severe ongoing harm.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §1331.

This action arises under the ADA, Rehabilitation Act, 42 U.S.C. §1983, and the Fourteenth Amendment.

Venue is proper in this District.

## III. PARTIES

Plaintiff is a resident of Oklahoma and a qualified individual with disabilities including chronic pain and panic disorder.

Defendants are healthcare providers and entities who denied or conditioned Plaintiff's access to care.

## IV. FACTUAL ALLEGATIONS

Plaintiff previously maintained a stable treatment plan addressing both chronic pain and panic disorder.

Plaintiff's anxiety medication is medically necessary to stabilize heart rate and blood pressure.

Defendant Frank Hackl, M.D., denied Plaintiff care solely because she refused to discontinue benzodiazepine medication.

Defendant James Lackey, M.D., terminated Plaintiff's access to controlled medication treatment.

Defendant Muhammad Qasim Maqbool, M.D., dismissed Plaintiff from care, leaving her without continuity of treatment.

Defendant Brandon Bailey, M.D., requires Plaintiff to undergo ESI injections as a condition of care.

Plaintiff previously experienced harm from such injections and reasonably declined further procedures.

Defendants imposed categorical conditions rather than individualized medical judgment.

Plaintiff has been denied care across multiple providers based on similar restrictions and is currently unable to obtain adequate treatment.

## V. DISABILITY AND LOSS OF EMPLOYMENT

Plaintiff's conditions substantially limit major life activities including mobility, sitting, and the ability to work.

Due to worsening conditions and lack of adequate care, Plaintiff filed for disability benefits on or about April 21, 2023.

Plaintiff's inability to access consistent treatment contributed to loss of employment and ongoing disability.

## VI. LEGAL FRAMEWORK

Oklahoma law requires individualized medical judgment and does not authorize categorical denial of treatment.

Prescription Monitoring Program (PDMP) systems are data tools and do not replace clinical decision-making.

Federal law requires prescribing decisions to be based on medical judgment, not fear of enforcement. See Ruan v. United States, 597 U.S. 450 (2022).

Under the ADA and Rehabilitation Act, providers must provide meaningful access to care and cannot impose policies that effectively exclude disabled individuals.

## VII. CLAIMS FOR RELIEF

COUNT I – ADA: Plaintiff is a qualified individual with a disability and was denied meaningful access to care.

COUNT II – Rehabilitation Act: Defendants receive federal financial assistance and denied access to care by reason of disability.

COUNT III – 42 U.S.C. §1983 / Due Process: Defendants imposed coercive medical conditions affecting bodily integrity and denied care without individualized assessment.

## VIII. IRREPARABLE HARM

Plaintiff is currently without adequate medical care and suffers severe ongoing pain and instability.

Loss of health and function constitutes irreparable harm.

## IX. REQUEST FOR RELIEF

Declaratory judgment that Defendants' conduct is unlawful.

Preliminary and permanent injunction ordering Defendants to cease forced ESI procedures, cease requiring discontinuation of anxiety medication, cease categorical denial of treatment, and provide access to individualized medical evaluation.

Costs and any further relief deemed appropriate.

Respectfully submitted,

_Deann Goudy-Bartolotta_    3/17/2026

Deann Goudy-Bartolotta                Date

Plaintiff, Pro Se
363 N. 434 Pryor, OK 74361
(P) 903-565-9993
Email: deanngoudy@gmail.com

Deann Bartlotta
363 N. 434
Pryor, OK 74361

Clerk of the Court
U.S. District Court Northern District
of Oklahoma
333 W. 4th St., Room 411
Tulsa, OK 74103

RECEIVED

MAR 18 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

26 CV - 1 6 2 CVE - MTS

9589 0710 5270 3435 8306 83

CERTIFIED MAIL

Retail

RDC 03

74103

U.S. POSTAGE PAID
PM
PRYOR, OK 74361
MAR 17, 2026

$20.35

S2324M503658-17

postmark 3/17/2026