UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DEANN GOUDY-BARTOLOTTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-CV-0162-CVE-MTS |
| | ) | |
| MEMORIAL PAIN CLINIC; | ) | |
| BRANDON BAILEY, M.D.; | ) | |
| ACCESS PAIN SOLUTIONS; | ) | |
| FRANK J. HACKL, M.D.; | ) | |
| AXIS HEALTHCARE; | ) | |
| JAMES LACKEY, M.D.; | ) | |
| WARREN CLINIC; and | ) | |
| MUHAMMAD QASIM MAQBOOL, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the court is a complaint (Dkt. # 1), filed by plaintiff Deann Goudy-Bartolotta, proceeding pro se. Having reviewed plaintiff's complaint, the Court finds that plaintiff fails to show that the Court has subject-matter jurisdiction. As the Court must dismiss a case once it determines that it lacks subject-matter jurisdiction, the Court dismisses plaintiff's complaint.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzalez, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. v. Union Gas Sys., Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject-matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). Regardless of whether a litigant raises the issue of jurisdiction,

the Court has an obligation to consider whether subject-matter jurisdiction exists. FED. R. CIV. P. 12(h)(3). As the Supreme Court has stated and the Tenth Circuit has reiterated, federal courts have "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any state of the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)). Here, plaintiff proceeds pro se, and, as is required by both Supreme Court and Tenth Circuit precedent, the Court must liberally construe her pleadings when considering the allegations contained in her complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Although the Court must hold a pro se plaintiff's pleadings to a less stringent standard than those drafted by lawyers, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff asserts that the basis for jurisdiction is a federal question, arising under a panoply of federal laws, including the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101-12213), the Rehabilitation Act of 1973 (29 U.S.C. § 701, et seq.), and the Fourteenth Amendment to the Constitution. Dkt. # 1, at 2. Although plaintiff invokes a federal question as the basis of this Court's jurisdiction, id., she fails to meet the minimum pleading standard of 28 U.S.C. § 1331. The presence of a federal question cannot be established by simply listing federal statutes or constitutional provisions. Rather, the "well-pleaded complaint rule . . . provides that federal jurisdiction only exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) (quoting Caterpillar Inc. v. Williams, 482 U.S.

386, 392 (1987)).  It is the plaintiff's burden to identify "the statutory or constitutional provision under which the claim arises, <u>and allege sufficient facts to show that the case is one arising under federal law</u>."  <u>Martinez v. U.S. Olympic Comm.</u>, 802 F.2d 1275, 1280 (10th Cir. 1986) (emphasis added).  Beyond listing federal statutes and a constitutional provision, plaintiff makes vague, conclusory statements regarding actions taken by defendants, such as that she is "without medical care and suffers severe ongoing pain and instability."  Dkt. # 1, at 4.  Plaintiff's claims stem from the alleged refusal of medical care by defendants after they required plaintiff to receive "invasive ESI injections" as a prerequisite to receiving other "medically necessary" treatment, and plaintiff declined the injections.  It is unclear to the Court how defendants' alleged actions could comprise a viable cause of action under either of the federal statutes or the constitutional provision invoked.  At this stage, plaintiff's allegations are "too insubstantial for consideration" even under the liberal pleading standard afforded to plaintiff as a litigant proceeding <u>pro</u> <u>se</u>.  <u>Martinez</u>, 802 F.2d at 1280 (quoting <u>Hagans v. Lavine</u>, 415 U.S. 528, 539 (1974)).

Nor does plaintiff allege that complete diversity of citizenship exists among the parties for the Court to exercise jurisdiction under 28 U.S.C. § 1332(a).  <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 951 (10th Cir. 2008).  In plaintiff's complaint, she fails to identify defendants' citizenships, identifying them in the section titled "parties" as "healthcare providers and entities who denied or conditioned [p]laintiff's access to care."  Dkt. # 1, at 2.  Plaintiff also fails to allege what, if any, amount is in controversy; she seeks relief in the form of declaratory judgment, preliminary and permanent injunction, and unspecified costs, in addition to "any further relief deemed appropriate."  <u>Id.</u> at 4.  The Court is left with no basis on which to conclude it has subject-matter jurisdiction, and it must therefore dismiss plaintiff's claims under Rule 12(h)(3).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject-matter jurisdiction.  A separate judgment of dismissal is entered herewith.

**DATED** this 8th day of April, 2026.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE